IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

    v.                                          Case No. 20-cr-77-jdp

ANTHONY R. KROHN,

        Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The United States of America, by Scott C. Blader, United States Attorney for the Western District of Wisconsin, by Corey C. Stephan, Assistant United States Attorney for that district, hereby submits this sentencing memorandum.

**1. Nature and Circumstances of the Offense**

On June 1, 2020, the defendant was on extended supervision for OWI 6th Offense after having been released from a 2-year prison sentence on July 30, 2019. (PSR, ¶ 47). At about 2:00 a.m. he and some friends were heading to the capitol area, which was a hot spot of the civil unrest that was engulfing downtown Madison. As they passed near the Public Safety Building, the defendant shot himself in the leg with the loaded handgun that he was carrying. (PSR, ¶ 10).

**2. The History and Characteristics of the Defendant**

The defendant is 37 years old and has a criminal history stretching back to 2001 when he was 17. (PSR, ¶ 33). His priors include violent, dangerous, and drug offenses.

He was convicted of battery in 2001, 2002, and 2004. (PSR, ¶¶ 33-36). In 2005 he was convicted of carrying a concealed knife and when contacted threatened to shoot someone. (PSR, ¶ 37). He was given probation and was referred for an AODA assessment. He failed to report to treatment, did not pay his assessment fee, continued to drink, had a positive test for cocaine use, and was ultimately sent to prison.

In 2009 the defendant was convicted of substantial battery when he and fellow gang members beat the victim unconscious (PSR, ¶ 42) and possession of 5-15 grams of cocaine with the intent to distribute it. (PSR, ¶ 43). He was given another chance at probation but was revoked and again sentenced to prison.

In 2013 the defendant was convicted of OWI 5th Offense after leading police on a high-speed chase. (PSR, ¶ 46). He was sentenced to prison but revoked after picking up an OWI 6th. (PSR, ¶ 47). The defendant was on extended supervision for this last OWI when he brought the gun to the capitol area.

**3. The Need for the Sentence Imposed**

The defendant has had numerous opportunities at community supervision but has had little success at rehabilitation, treatment, or staying out of trouble. He has not been deterred by jail or prison and continues to engage in conduct that endangers the community.

The defendant's sentencing memorandum highlights recent efforts that he has made to stay connected with family, engage in physical therapy for his gunshot injury, and take prescribed medications. (Dkt. 30, pp. 8-9). He acknowledges that he has not taken the hard, necessary steps to address his substance abuse and mental health needs.

But as the memorandum speculated about the leniency of the sentence received for the substantial battery (Dkt. 30, pp. 4-5), one cannot help but think that he has said similar things to judges in the past.

There is one thing though that the parties agree on in this case. And that is the fact that his actions in this case were incredibly dangerous. (See Dkt. 30, pp. 12-13). While it was illegal for the defendant to possess a firearm at all, it was an incredible risk for him – an intoxicated felon – to introduce a handgun into this volatile area. He ultimately negligently discharged the gun in a place and during a time when law enforcement was already stretched thin trying to preserve life and property.

Because of the offense itself, his criminal history, and failures at rehabilitation, no downward adjustment is warranted or deserved.

**4. Conclusion**

For these reasons, the government respectfully recommends that a guideline sentence is appropriate in this case.

Dated this 15th day of February 2021.

                                              Respectfully submitted,

                                              SCOTT C. BLADER
                                              United States Attorney

                                              By:      /s/
                                              COREY C. STEPHAN
                                              Assistant U. S. Attorney